1
2
3
4
5
6
7
8

9                      UNITED STATES DISTRICT COURT

10                 FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12    JACOB DANIEL WOLF,                    No.  2:20-cv-0206 KJM DB P

13                     Plaintiff,

14          v.                              ORDER

15    RALPH DIAZ, et al.,

16                     Defendants.

17

18          Plaintiff, a state prisoner, alleges that his rights under the Americans with Disabilities Act,

19    42 U.S.C. § 12131 *et seq.* were violated when he was excluded from serving the remaining term

20    of his sentence in a fire camp on the ground of his disability even though he is otherwise qualified

21    to participate in the program. By way of relief, plaintiff seeks damages and an order directing the

22    California Department of Corrections and Rehabilitation to place plaintiff in the fire camp.

23          Plaintiff now moves for leave to amend his complaint to add another request for injunctive

24    relief, namely, the retroactive award of enhanced good time credits that he would have received (a

25    66% enhancement) had he been permitted to participate in the fire camp. With the enhanced good

26    time credits, plaintiff contends that his release date would be in November 2020, nearly a year

27    earlier than his currently expected release date in October 2021.

28

                                              1

In <u>Preiser v. Rodriguez</u>, the Supreme Court held that

> when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.

411 U.S. 475, 500 (1973). In <u>Preiser</u>, the respondents were state prisoners who were deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings. <u>Id.</u> at 476. The prisoners brought suit under 42 U.S.C. § 1983 alleging that their due process rights had been violated when their credits were revoked. <u>Id.</u> In each respondent's case, the restoration of good-conduct-time credits entitled the prisoner to immediate release on parole. <u>Id.</u> at 479-81. However, the Court stated that "even if the restoration of the respondents' credits would not have resulted in their immediate release, but only in their shortening the length of their actual confinement in prison, habeas corpus would have been the appropriate remedy." <u>Id.</u> at 487.

The Ninth Circuit has held that an ADA claim challenging the validity or duration of confinement is also subject to <u>Preiser</u>. <u>See</u> <u>Bogovich v. Sandoval</u>, 189 F.3d 999, 1002-03 (9th Cir. 1999) ("There is no reason to believe that ADA claims should be treated any differently than § 1983 claims when examining whether a prisoner's case should have been brought under habeas corpus."). While success on an ADA claim does not necessarily imply the invalidity of a prisoner's confinement and thus need not be brought in habeas, <u>see id.</u> at 1003, there can be no doubt here that plaintiff's proposed request for a retroactive award of good time credits would entitle him to a speeder release. It would therefore need to be brought in a petition for writ of habeas corpus. <u>See</u> <u>Klemaske v. California Dep't of Corr. and Rehab.</u>, 2006 WL 278584, *2 (E.D. Cal. Feb 2, 2006) (finding that court does not have jurisdiction of prisoner-plaintiff's ADA claim to the extent he was requesting the retroactive reinstatement of good time credits); <u>Basque v. Schwarzzenegger</u>, 2005 WL 8176684, at *3 (E.D. Cal. Dec. 20, 2005 (same).

Where a prisoner's complaint evinces a clear intention to state a habeas claim, the Ninth Circuit has said that the district court should treat it as a habeas petition. <u>See</u> <u>Trimble v. City of Santa Rosa</u>, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). Where, however, the intent to bring a

1   habeas petition is not clear, the district court should not convert the complaint. Id. Rather, such

2   claims must be dismissed without prejudice and the complaint should proceed on any remaining

3   cognizable claims. See Edwards v. Balisok, 520 U.S. 641, 649 (1987); Trimble, 49 F.3d at 585.

4   Here, there are no other claims. Therefore, this action would be dismissed in its entirety.

5          It is unclear if plaintiff is aware of the import of his pending motion. Should it be granted,

6   plaintiff will be required to pursue his claim in a petition for writ of habeas corpus. A federal habeas

7   court only has the power to release a prisoner; damages are unavailable in a habeas action. Fay v.

8   Noia, 372 U.S. 391, 431 (1963), overruled on other grounds by Wainwright v. Sykes, 433 U.S. 72,

9   87 (1977). Because plaintiff may be unaware of these ramifications, the Court will provide him an

10  opportunity to clarify whether he wishes to proceed with his pending motion.

11         Based on the foregoing, IT IS HEREBY ORDERED that plaintiff shall submit notice within

12  fourteen days whether he wishes to proceed with his motion to amend prayer.

13  Dated:  September 23, 2020

14

15

16  /DLB7;
    DB/Inbox/Substantive/wolf0206.mta clar

17                                                 DEBORAH BARNES
                                         UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28

3